## OXFORD OIL CO. et al. v. ATLANTIC OIL PRODUCING CO. et al.*

Circuit Court of Appeals, Fifth Circuit.
November 23, 1927.

No. 5057.

1. Mines and minerals ⬅=⇒86—State has power, through administrative board to make regulations for protection of mineral rights of adjoining owners of land.

It is within the power of a Legislature to lay down a general rule for the protection of mineral rights of owners of adjoining lands, and to leave the details of enforcing that rule to an administrative agency or board.

2. Mines and minerals ⬅=⇒92—Regulation prohibiting drilling of oil or gas well nearer than 150 feet to property line without special authority held constitutional and valid.

Rule 37 of regulations of Railroad Commission of Texas, prohibiting drilling of oil or gas wells nearer than 150 feet to any property line without special authority, held not to violate any constitutional rights, and valid.

*Rehearing denied January 7, 1928.

**3. Public service commissions ☞6—Railroad Commission of Texas held legislative, and not constitutional, creation on which Legislature may confer powers other than regulation of railroads and rates (Const. Tex. art. 10, § 2).**

The state Railroad Commission of Texas, created by legislative act under authority given by Const. Tex. art. 10, § 2, to regulate freight and passenger tariffs, to correct abuses, to prevent unjust discriminations in rates, and to provide all requisite means and agencies, is a legislative and not a constitutional creation, and the Legislature may confer on it powers other than the regulation of railroads and rates.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action at law by the Oxford Oil Company and others against the Atlantic Oil Producing Company and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

For opinion below, see 16 F.(2d) 639.

C. L. Bass, of Fort Worth, Tex. (R. H. Ward, of Houston, Tex., and Davis, Jester & Tarver, of Corsicana, Tex., on the brief), for plaintiffs in error.

S. W. Marshall and John L. Young, both of Dallas, Tex., and Paul D. Page, Jr., Asst. Atty. Gen., for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The Legislature of Texas passed an act in 1919 to conserve the oil and gas resources of that state, which contains a provision that the Railroad Commission should make and enforce rules and regulations for the drilling of wells in such manner as to prevent injury to adjoining property. Texas Revised Civil Statutes (1925) art. 6029. In pursuance of that statute the Railroad Commission adopted rule 37, which is as follows:

"No well for oil or gas shall hereafter be drilled nearer than three hundred (300) feet to any other completed or drilling well on the same or adjoining tract or farm; and no well shall be drilled nearer than one hundred and fifty (150) feet to any property line: Provided that the commission, in order to prevent waste or to protect vested rights, will grant exceptions permitting the drilling within shorter distances than as above prescribed, upon application filed fully stating the facts, notice thereof having first been given to all adjacent lessees affected thereby. Rule 37 shall not for the present be enforced within the proven fields of the Gulf Coast."

This action was brought to recover dam-

ages, which the plaintiffs allege were sustained as a result of the enforcement of that rule, against the individual members of the Railroad Commission, certain of their employees, and the lessee of a tract of land which adjoined that of the plaintiffs, on the theory that rule 37 was void, in that it deprived plaintiffs of their property right to drill wells on their land, and thus was in violation of the due process and equal protection clauses of the Fourteenth Amendment, and of the obligation of contract clause of section 10, art. 1, of the Constitution of the United States, and also was in violation of provisions of the Constitution of Texas authorizing and requiring the Legislature to create a railroad commission, whose powers should be limited strictly to matters affecting railroad companies.

The petition alleges that plaintiffs were the owners in fee simple of a strip of land 3,190 feet in length, and of the width of 57 feet at one end and 36 feet at the other; that plaintiffs were not permitted to drill wells on their land without complying with rule 37; that, being fearful of incurring the heavy penalty of $5,000 per day prescribed by the statute, they complied with it and were permitted to drill four wells, but were so delayed that in the meantime oil of great value was taken out of wells which were drilled on adjoining property without delay; and that oil of great value was taken and came from the land of plaintiffs. The defendant Atlantic Oil Producing Company is sought to be held liable on the ground that it aided and abetted the other defendants in depriving plaintiffs of their right to drill wells on their land when and where they pleased. The District Judge sustained general demurrers of defendants, and, plaintiffs declining to amend, dismissed the petition. 16 F.(2d) 639.

[1, 2] The right of a state to so regulate the drilling of wells for oil and gas as to conserve the rights of adjoining owners is too well settled to admit of serious controversy. Ohio Oil Co. v. Indiana, 177 U. S. 190, 20 S. Ct. 576, 44 L. Ed. 729; Lindsley v. Natural Carbonic Gas. Co., 220 U. S. 61, 31 S. Ct. 337, 55 L. Ed. 369, Ann. Cas. 1912C, 160. It was within the power of the Legislature to lay down a general rule for the protection of the mineral rights of the owners of adjoining lands, and to leave the details of enforcing that rule to an administrative agency or board. Plymouth Coal Co. v. Pennsylvania, 232 U. S. 531, 34 S. Ct. 359, 58 L. Ed. 713. The proviso of rule 37, permitting under exceptional circumstances the drilling of wells

within less than 150 feet, was to avoid unnecessary hardship, and is valid under the rule announced in Gorieb v. Fox, 274 U. S. 603, 47 S. Ct. 675, 71 L. Ed. 1228. Plaintiffs do not complain of any arbitrary exercise of power, but merely that the Railroad Commission was without authority to adopt or enforce any rule. In our opinion, neither that statute nor the rule complained of violates the provisions of the Constitution of the United States relied on by plaintiffs.

[3] The Constitution of Texas did not create the Railroad Commission. Section 2 of article 10 of that instrument authorizes the Legislature to regulate freight and passenger tariffs, to correct abuses, to prevent unjust discrimination in rates, and to provide all requisite means and agencies. The Railroad Commission, although thus authorized by the Constitution, was in fact created by the Legislature. It would seem to follow that the Legislature could impose powers and duties upon the Commission in addition to the powers granted to regulate railroads and railroad rates; and it has been so held in a well-considered opinion by one of the Courts of Civil Appeals of Texas. City of Denison v. Municipal Gas Co. (Tex. Civ. App.) 257 S. W. 616.

The judgment is affirmed.