## GANT ET AL. *v.* OKLAHOMA CITY ET AL.

No. 547.   Argued March 15, 1933.—Decided April 10, 1933

---

*Mr. James S. Twyford,* with whom *Mr. J. H. Everest* was on the brief, for appellants.

*Mr. Harlan T. Deupree,* with whom *Mr. W. H. Brown* was on the brief, for appellees.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The bill of complaint alleges that plaintiffs (appellants here) are lessees of a tract of land in Oklahoma City, State of Oklahoma, supposed to contain gas and oil; that by the terms of the lease they are required to commence drilling a well within a time fixed; that they have contracted for such drilling and the work has been begun and is now in progress; that they have a permit from the authorities of the city as required by ordinance, but defendants threaten to and will forcibly stop the work, to plaintiffs' irreparable damage, unless they execute and file a bond conditioned as provided by the city ordinance in the penal sum of $200,000, signed by some surety company authorized to transact business within the state; that the ordinance making such requirement is unreasonable and unconstitutional, and if enforced will have the effect of depriving plaintiffs of valuable property rights without due process of law. An answer was filed denying generally the allegations of the bill, and a cross-petition,

praying that plaintiffs be restrained from continuing the drilling of the well until plaintiffs had executed the bond required by the ordinance. After a hearing, at which evidence was introduced in support of the bill, the trial court denied plaintiffs' prayer for an injunction and granted a permanent injunction against them upon the cross-petition.

The bill does not in terms charge an infringement of the Fourteenth Amendment or of any other provision of the federal Constitution; and the record does not disclose whether the trial court at any time considered or determined that question. Nor is there anything in the present record to show, except inferentially, that the federal question was raised by appellants or considered by the supreme court. A basis for our jurisdiction must be found, if at all, in the decision and opinion of the state supreme court upon a prior appeal in the same case from a decree granting an interlocutory injunction. *Gant* v. *Oklahoma City,* 150 Okla. 86, 89; 6 P. (2d) 1065. It there appears that an attack upon the ordinance as infringing the due process of law clause of the Fourteenth Amendment was argued before and considered by that court, and the ordinance sustained as valid under that clause as well as under the due process clause of the state constitution. An appeal to this court followed but was dismissed for the want of jurisdiction, the decree not being final. 284 U.S. 594. After the remand to the state court of first instance, final decree on the merits was rendered against appellants. From that decree an appeal was taken to the state supreme court, which affirmed on the authority of its prior decision. 160 Okla. 62; 15 P. (2d) 833. In effect, the earlier decision was thereby read into, and made a part of, the later one. Appellants, by this appeal, therefore, have invoked the jurisdiction of this court at the first opportunity open to them, and the federal question, having been considered by the state supreme court, is properly here. *Grays Har-*

*bor Co.* v. *Coats-Fordney Co.,* 243 U.S. 251, 256–257; *Louisiana Navigation Co.* v. *Oyster Commission,* 226 U.S. 99, 101–102; *Chesapeake & Ohio Ry. Co.* v. *McCabe,* 213 U.S. 207, 214.

The ordinance, so far as pertinent, provides that no well shall be drilled within the limits of the city until there shall be filed with the city clerk a bond in the sum of $200,000 covering each well, executed by " some bonding or indemnity company authorized to do business in the State of Oklahoma," conditioned for the payment of damages on account of injuries to property, bodily injuries, etc., suffered by anyone and resulting from the drilling, operation or maintenance of any well or any structures, etc., appurtenant thereto.

In view of the peculiar dangers incident to the drilling and operation of an oil or gas well within the limits of a city and of the large interest involved if the well be successful, neither the requirement for a bond nor the amount fixed can be declared arbitrary or unreasonable. Indeed, the objection to the ordinance on these grounds was but indifferently urged at the bar. The point stressed was that the provision of the ordinance requiring the bond to be given by a bonding or indemnity company authorized to do business in the state, and thereby excluding the furnishing of personal sureties, is so arbitrary and unreasonable as to constitute a denial of due process of law. That contention also is without merit. The most that can be said is that whether the guaranty of a bonding or indemnity company operating under state law and subject to state regulation, is of greater worth than that of personal sureties, is a question about which opinions reasonably may differ. But the question is one primarily addressed to the judgment of the lawmaking body, and that body having determined that the former is so far superior that the latter should be excluded from eligibility altogether, there is nothing in the due

process of law clause of the Fourteenth Amendment which requires the courts to upset the conclusion. " While the courts must exercise a judgment of their own, it by no means is true that every law is void which may seem to the judges who pass upon it excessive, unsuited to its ostensible end, or based upon conceptions of morality with which they disagree. Considerable latitude must be allowed for differences of view as well as for possible peculiar conditions which this court can know but imperfectly, if at all." *Otis* v. *Parker*, 187 U.S. 606, 608–609.

Whether the judgment of the common council of the city in the present case was wise, or whether the requirement will produce hardship in particular instances, are matters with which this court has nothing to do. It is impossible for us to say that the provisions of the ordinance are clearly arbitrary and unreasonable. If there be room for fair debate, this court " will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question." *Zahn* v. *Board of Public Works*, 274 U.S. 325, 328; *Standard Oil Co.* v. *Marysville*, 279 U.S. 582, 584.

There is evidence in the record tending to show that conditions were imposed by surety companies of an onerous character, with which appellants were unable to comply. But it also appears that other operators within the city limits were able to comply with all conditions imposed and had procured and filed bonds in accordance with the ordinance. So far as the record discloses, appellants stood alone in their inability to satisfy the requirements of the bonding companies. The fact that appellants, for reasons peculiar to themselves, could not meet the imposed requirements does not militate against the constitutionality of the ordinance. *Packard* v. *Banton*, 264 U.S. 140, 145; *Standard Oil Co.* v. *Marysville, supra*, at p. 586; *Hodge Co.* v. *Cincinnati*, 123 Ohio St. 284, 296; 175 N.E. 196. An otherwise valid statute or

ordinance conferring a privilege is not rendered invalid merely because it chances that particular persons find it hard or even impossible to comply with precedent conditions upon which enjoyment of the privilege is made to depend. *Decree affirmed.*