## MORGAN PETROLEUM CO. v. OKLAHOMA CITY.

### No. 22264. April 3, 1934.

Warren K. Snyder, Edward C. Snyder, and J. H. Bartlett, for plaintiff in error.

A. L. McRill, Municipal Counselor, and H. T. Deupree, Asst. Mun. Counselor, for defendant in error.

McNEILL, J. This is an appeal from a judgment of the district court of Oklahoma county, wherein an injunction was granted to the city of Oklahoma City, enjoining the defendant from drilling an oil and gas well in the U-7 drilling zone for failure to file a bond, conditioned as provided in section 21 of Ordinance 3944 of said city in the penal sum of $200,000, signed by some bonding or indemnity company authorized to do business in the state of Oklahoma.

It appears that the defendant failed to comply with said ordinance in the filing of said bond, and attempted in lieu thereof to

have a personal bond approved, in which the sureties qualified for more than the amount required by the ordinance and conditioned conformable to requirements of the ordinance, but which the officials of said city did not approve because of noncompliance with the ordinance requiring a surety company bond.

We consider it unnecessary to dicuss the contentions of the defendants. The questions decisive of this case are controlled by the case of Gant v. Oklahoma City, 150 Okla. 86, 6 P. (2d) 1065; and Gant v. Oklahoma City, 160 Okla. 62, 15 P. (2d) 833, which was affirmed by the Supreme Court of the United States, 289 U. S. 99, 77 L. Ed. 1058, 53 S. Ct. 530. In that case, Mr. Justice Sutherland, speaking for the Supreme Court, said:

"In view of the peculiar dangers incident to the drilling and operation of an oil or gas well within the limits of a city and of the large interest involved if the well be successful, neither the requirement for a bond nor the amount fixed can be declared arbitrary or unreasonable. Indeed, the objection to the ordinance on these grounds was but indifferently urged at the bar. The point stressed was that the provision of the ordinance requiring the bond to be given by a bonding or indemnity company authorized to do business in the state, and thereby excluding the furnishing of personal sureties, is so arbitrary and unreasonable as to constitute a denial of due process of law. That contention also is without merit. The most that can be said is that whether the guaranty of a bonding or indemnity company operating under state law and subject to state regulation, is of greater worth than that of personal sureties, is a question about which opinions reasonably may differ. But the question is one primarily addressed to the judgment of the law-making body, and that body having determined that the former is so far superior that the latter should be excluded from eligibility altogether, there is nothing in the due process of law clause of the Fourteenth Amendment which requires the courts to upset the conclusion."

We have adhered to those views in the recent cases, to wit: C. C. Julian Oil & Royalties Co. v. Oklahoma City, 167 Okla. 384, 29 P. (2d) 952, and Hud Oil & Refining Co. v. Oklahoma City, 167 Okla. 457, 30 P. (2d) 169.

Judgment affirmed.

CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, and BUSBY, JJ., concur. RILEY, C. J., and BAYLESS and WELCH, JJ., absent.