## KEATON v. BROWN et al.

No. 25464. March 5, 1935.

Rehearing Denied April 23, 1935.

Application for Leave to File Second Petition for Rehearing Denied May 28, 1935.

Keaton, Wells, Johnston & Barnes, Warren K. Snyder, and Walter Marlin, for plaintiff in error.

Harlan Deupree, Everest, McKenzie & Gibbens, and Shirk, Danner & Phelps, for defendants in error.

W. R. Bleakmore and John Barry, amici curiae.

OSBORN, V. C. J. This is an appeal from a judgment of the district court of Oklahoma county by J. R. Keaton, hereinafter referred to as protestant, against Harry J. Brown, hereinafter referred to as plaintiff, and J. W. Van Meter, building superintendent, and George Simpson, hereinafter referred to as defendants. The judgment of the trial court ordered that a drilling permit be granted to drill one well for oil and gas purposes upon each of the following blocks, to wit: Block 23 and block 24 in Military addition to the city of Oklahoma City; and for the purpose of constituting a drilling area, there was attached to the above blocks, block 15 and block 22 in Military addition.

The territory involved herein is a part of that included in the U-7 or oil and gas district of Oklahoma City by ordinance No. 4475, amending ordinance No. 3943, which was enacted by the council of Oklahoma City on June 9, 1933.

It is stipulated in the briefs that all of the questions involved herein except one are settled by the decision of State of Oklahoma ex rel. F. L. Hunzicker v. James Pulliam, 168 Okla. 632, 37 P. (2d) 417.

Protestant urges that ordinance No. 4475 is void for the reason that the territory involved herein during the year 1923 was placed in the U-4 zone, which is an industrial zone and consists of wholesale business establishments and light manufacturing; that no change of conditions has occurred within said district that would justify a re-zoning of the district, and that the city council is without authority to create a U-7 or drilling zone covering the district previously classified as a U-4 or industrial district, and to do so would seriously impair vested property rights and diminish the value of property in said district, which was built up and established on the theory that the district was, and would continue to be, an industrial district.

The defendant contends that the theory of protestant has no application herein for the reason that the city council is making no effort to change the district from an industrial district, but after the property has been included in the U-7 or oil drilling zone the district still remains an industrial district and the granting of a permit within said district does not change the same from an industrial district, but by the inclusion of said territory within the U-7 or oil drilling zone the city council is merely exercising the power to supervise and control the drilling of oil and gas wells within the city limits of said city.

A motion to dismiss the appeal has been filed by the defendant city in which it is averred that by the decision of the court in the case of State ex rel. v. Pulliam, supra, the questions presented in this appeal have become moot; that since ordinance No. 4475, which is the ordinance herein involved, did not bear a valid emergency clause, and the right to have said ordinance referred to the electorate of the city of Oklahoma City existed, said ordinance has not yet become a completed legislative enactment by reference to and adoption by said electorate. It is shown, however, that on September 14, 1934, the city council enacted ordinance No. 4578, to which the emergency clause was properly attached, and the purpose and effect of said ordinance was the same as that of ordinance No. 4475, and includes the property herein involved. It also appears that the questions involved herein are of a public nature and for these reasons we deem it advisable to disregard the motion to dismiss and will pass upon the merits of the controversy.

In 1923 the Legislature enacted chapter 178, Session Laws 1923, sections 6170-6179, O. S. 1931, authorizing the zoning of cities and incorporated villages. Thereafter and on September 4, 1923, the city enacted a comprehensive zoning ordinance (ordinance No. 2634). By said ordinance the city was divided into "use" districts. The various uses of buildings and premises were classified and the property within the corporate limits of Oklahoma City was divided into four use districts known as districts U-1, U-2, U-3, and U-4. The property involved herein is in the U-4 or industrial district. The use of the property within the various districts was progressively restricted, that is, the property in the U-4 district was restricted to class U-4, U-3, U-2, and U-1 uses; property in the U-3 district was restricted to U-3, U-2, and U-1 uses; property in the U-2 district was restricted to U-2 and U-1

uses; and in the U-1 district the property was restricted to U-1 uses.

There was no provision in said ordinance that prohibits, restricts, or regulates the drilling for oil or gas within any of the use districts.

On March 1, 1910, and prior to the adoption of the above ordinance, protestant constructed a building on his property. On March 1, 1926, and subsequent to the passage of said ordinance, protestant constructed another building on the property. On May 10, 1929, ordinance No. 3615 was enacted, prohibiting drilling except in certain defined and designated territory within the corporate limits of Oklahoma City, which drilling territory was known as the U-7 zone. Thereafter other ordinances were enacted extending the U-7 zone. The authority of the city to enact such ordinances is derived from the grant of power from the state contained in chapter 178, supra, and the validity and constitutionality of said ordinances have heretofore received judicial approval. Gant v. Oklahoma City, 160 Okla. 62, 15 P. (2d) 833, 289 U. S. 98, 77 L. Ed. 1058, 53 S. Ct. 530; C. C. Julian Oil & Royalties Co. v. Oklahoma City, 167 Okla. 384, 29 P. (2d) 952; Hud Oil & Refining Co. v. Oklahoma City, 167 Okla. 457, 30 P. (2d) 109; Morgan Pet. Co. v. Oklahoma City, 167 Okla. 632, 31 P. (2d) 594; Anderson-Kerr, Inc., v. Van Meter, 162 Okla. 176, 19 P. (2d) 1068.

It therefore appears that prior to the enactment of ordinance No. 3615, supra, there was no restriction upon drilling for oil or gas in any section of Oklahoma City, and in the absence of such restriction the owner of property at any point within said corporate limits had a right to drill and prospect for oil and gas upon his property and neither the city officials nor adjoining property owners could interfere with the exercise of such right except in so far as nuisances might be created by the operations, or as might have been restricted by covenant. It is of course, fundamental that no one may so use his property as to unreasonably deprive an adjacent owner of the lawful use and enjoyment of his property. Such was the status when protestant constructed the improvements upon his property.

By the terms of the above ordinances relating to the drilling for oil and gas within the corporate limits, the city council exercised its power and authority to regulate and restrict drilling for oil and gas granted by chapter 178, supra, where the public necessity and welfare demanded. It had the right to forbid drilling, but until such power was exercised the right to drill and prospect for oil or gas was not restricted or limited.

In this case it appears that the property at one time was within nondrilling territory, but by ordinance No. 4475 the status of the property was changed and it was included within territory where drilling might be had, subject to the various other restrictions of the ordinance. While the action of the city council in passing said ordinance is positive in its nature, it is negative in its character and effect. The council is vested with power and authority to forbid drilling within said territory, but, in effect, it declined to exercise said power and authority. Therefore protestant, in effect, is not attacking the action of the council, but is complaining of its failure to act in his behalf. It is not an exercise of the police power, but the failure of the council to exercise said power that gives rise to protestant's grievance. While any action of the city council under the police power is subject to a limited review by the courts, and while the courts are vested with power and authority to prevent an improper use of the police power, it is not within the province of the courts to require the affirmative exercise of such legislative power. To do so would be the exercise of legislative functions. Whether the city council sees fit to extend a lawful restriction in the territory where plaintiff's property is located is addressed solely to its discretion, and upon the exercise of such discretion by enacting restrictions, it is for the courts to determine whether same are arbitrary, capricious, and unreasonable, and whether they have a reasonable relation to the legitimate objects to be accomplished. Beveridge v. Harper & Turner Oil Trust et al., 168 Okla. 609, 35 P. (2d) 435.

Protestant relies upon the doctrine announced in the case of Van Meter v. Manion, 170 Okla. 81, 38 P. (2d) 557 (decided Oct. 30, 1934). That case has no application to the issues presented here for the reason that the court was there dealing with a restrictive covenant in a plat and no issue relating to zoning was involved or considered. Protestant also cites the case of Michigan-Lake Building Corporation v. Hamilton (Ill.) 172 N. E. 710, wherein an amendment to a zoning ordinance was under consideration restricting buildings to 264 feet

in height, so as to allow buildings 440 feet high on only four properties within a certain zoned district, and said amendment was held to be arbitrary, unreasonable, and unauthorized. In the case of Kennedy v. City of Evanston (Ill.) 181 N. E. 312, also cited by protestant, an ordinance permitting the construction of apartment houses in a class A or residence district was held invalid. Neither of these cases is applicable to the facts in this case.

As we have heretofore pointed out, there was nothing in the original zoning ordinance which prohibited or attempted to regulate drilling for oil and gas in any zone. The ordinance creating the U-7 or oil drilling zone did not, therefore, operate to decrease or increase the restrictions theretofore existing by virtue of any previous zoning ordinance. The power to regulate the drilling for oil and gas, while it was in existence at the time the zoning ordinances were passed, had not been exercised. Therefore no vested rights of protestant were affected by the enactment of the oil drilling ordinances.

Notwithstanding what has been hereinabove said, under the rules of law announced in the case of State ex rel. Hunzicker v. Pulliam, supra, the judgment of the trial court is reversed and the cause remanded with directions to dismiss said proceeding.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, CORN, and GIBSON, JJ., concur. PHELPS, J., disqualified. WELCH, J., absent.