## ACME REFINING CO. v. STATE et al.

### No. 3252.

Court of Civil Appeals of Texas. El Paso.

Sept. 19, 1935.

J. H. Synnott and Hatchell & Campbell, all of Longview, for appellant.

William McCraw, Atty. Gen., and Tom D. Rowell, Jr., and Archie D. Gray, Asst. Attys. Gen., for appellees.

WALTHALL, Justice.

On the 15th day of December, 1934, the state of Texas and the Railroad Commission of Texas, acting in their behalf by the then Attorney General of Texas, filed this suit in the special district court of Gregg county, Tex., against the Acme Refining Company, to recover certain penalties stated, and in their petition prayed that the court issue a temporary writ of injunction restraining the defendant Acme Refining Company from: (a) Further purchasing, or transporting, or handling crude petroleum oil without first obtaining a tender or other written authority from the Railroad Commission of Texas as required by its order of February 15, 1933; (b) further purchasing, handling, transporting, refining, marketing, and processing crude oil without complying with the order of the Railroad Commission of Texas, dated April 3, 1934, which said order requires the filing of daily and monthly reports; (c) shipping and causing to be shipped and transported products of crude petroleum oil without first obtaining a permit or tender covering such shipment as required by the order of the Railroad Commission of Texas dated February 1, 1935.

The petition is lengthy and sets out, substantially, that the defendant Acme Refining Company, though authorized by its charter only to transact a manufacturing business and to purchase and sell goods, wares, and merchandise used for such purposes, is in fact engaged in establishing and maintaining an oil business and op-

erating a refinery, pipe line, oil tank cars, and pipes, customarily used in the operation of a refinery, and in addition thereto is storing and transporting oil, gas, brine, and other mineral solutions, and is also engaged in the oil and gas producing business, and owning and holding land and leases for such purposes, and that the defendant Acme Refining Company was so engaged at the times and places thereinafter referred to.

The petition alleges that the Railroad Commission is an administrative body and is charged, among other things, with passing such reasonable rules and regulations as it finds from evidence to be necessary to prevent waste of oil and gas. It is further alleged that title 102 of the Revised Statutes of Texas (article 6004 et seq.) and the amendments thereto (Vernon's Ann. Civ. St. art. 6004 et seq.) prohibit production of petroleum oil and natural gas in such way as to constitute waste, and that such statutes and amendments prohibit the production, handling, and transportation of such products from any land in excess of the amount allowed by the Railroad Commission; that these laws were amended by the First Called Session of the Forty-Second Legislature (chapter 26) so as to require all persons engaged in such business to keep records and authorizing the Railroad Commission to require reports, and authorizing the commission to make inspections of all property engaged in such business. It is alleged that on February 15, 1932, the Railroad Commission entered its order providing that no oil produced in the East Texas field should be handled without such person had a tender therefor.

That on April 3, 1934, the commission promulgated a further order requiring each refinery to file a daily report of operations and a monthly report of the same kind. That on December 15, 1934, the commission promulgated its order, effective December 5, 1934, requiring, among other things, all persons owning or processing oil and desiring it shipped from any Texas field to obtain a permit from the Railroad Commission and make application therefor upon certain forms supplied and prescribed by the commission. The requisites are set out generally in the petition as abstracted by the pleading.

The petition further alleges that the order provides that no permit will be allowed for the transportation, etc., of oil produced or handled or acquired in violation of the laws or the orders of the commission. The petition makes further allegations as to other applications and the permit requirements.

The petition alleges that these orders of the commission are valid and that it is the duty of the persons including defendant to obey them.

The petition then alleges that the defendant Acme Refining Company has failed and is refusing to comply with these orders, and has been and is purchasing and handling oil produced in excess of that allowed by the orders and is failing in any wise to comply with the said orders; that all of defendant's oil was produced from East Texas lands in excess of the amount allowed by the orders of the commission, all in direct violation of article 6049 of the Revised Civil Statutes as amended by the Acts 1931, First Called Session of the Legislature, p. 46, c. 26; that no tender was had or obtained; that defendant is and at all times set out has been engaged in the refining business at Gladewater, Tex., and has daily refined oil since the Bill 99 became a law and has constantly refused to comply with the Railroad Commission's orders in regard thereto; and that on named dates defendant has shipped products covered by the provisions thereto without obtaining permits, and has refused and still refuses any reports. It is alleged that the Texas statutes provide for certain penalties, stating them, for the alleged violation of the statute and said orders in the several particulars stated.

It is alleged that the state has a lien upon all the properties of the defendant to secure the payment of said penalties. The petition asks judgment for all said penalties and foreclosure of the state's lien and other orders not necessary to state.

Upon presentation of the verified petition, the special district court of Gregg county granted and directed the issuance of a temporary writ of injunction as prayed for without notice or hearing, from which action of the court defendant Acme Refining Company has perfected its appeal for review.

### Opinion.

The Acme Refining Company, appellant in this appeal, filed assignments of error, and based thereon presents four propositions.

The First Called Session of the Forty-Second Legislature, by chapter 26, Acts 1931, § 14, provided: "The purchase, transportation or handling of crude petroleum oil or natural gas produced from any property in excess of the amount allowed by any statute or any rule, regulation or order of the Commission [Railroad Commission of Texas] is hereby prohibited, and the Commission shall have power to enjoin any violation of this section."

This section remained in its original form as written until December 25, 1934, when S. B. 21, enacted by the Third Called Session, 43d Legislature, chapter 64, became effective. The section as originally passed appeared as section 14, article 6049c, Vernon's Ann. Civ. Statutes, as did the section as amended.

Article 6029, as amended by Acts 1932, 4th Called Sess., c. 2, § 7, provides: "The Commission shall make and enforce rules, regulations or orders for the conservation of crude petroleum oil and natural gas and to prevent the waste thereof: * * * (8) It shall do all things necessary for the conservation of crude petroleum oil and natural gas and to prevent the waste thereof, and shall make and enforce such rules, regulations or orders as may be necessary to that end."

Article 6042, provides: "Particular powers herein granted to the Commission shall not be construed to limit the general powers conferred by law."

Article 6046 provides: "The Commission, when necessary, shall make and enforce rules and regulations, either general in their nature or applicable to particular oil fields, for the prevention of actual waste of oil or operations in the field dangerous to life or property."

Section 3 of the Acts of the 42d Legislature, 4th Called Session, Acts 1932, c. 2 (article 6049c, § 5) provided:

"The Commission shall have power, and it shall be its duty, from time to time, to inquire into the production, storage or transportation of crude petroleum oil, and of natural gas, and the market demand therefor, all in order to determine whether or not waste exists or is imminent.

"The Commission shall have the right to require any party to make and file with the Commission sworn statements as to facts within the knowledge or possession of such party pertaining to the production, storage or transportation of crude petroleum oil."

The suit of the state and the Railroad Commission as set out in the petition filed is to enjoin the appellant, Acme Refining Company, from violating the several provisions of the statute, as above stated, and to enforce the penalties provisions of the statute, the orders and regulations of the commission for alleged violations of such statutes, orders, and regulations.

Appellant submits that an adjudication that appellant pay the penalties for an alleged violation of such statutes, orders, and regulations of the commission is in violation of the Constitutions of this state and the United States, in that the enforcement of such statutes, orders, and regulations is a denial to appellant of due process of law; that the statute providing penalties for violating an order of the Railroad Commission is a delegation of legislative power, and naming of the offense to be punished; that the commission was never legally authorized to regulate production, transportation, and storage of oil and gas, and appellant cannot lawfully be punished for a violation of such orders; that the suit is without basis or authority of law in so far as it is sought to enforce orders of the commission, article 6023 of the statute providing that only the Attorney General shall enforce the provisions of the statute, and not that he shall enforce orders of the commission.

We think we need not discuss the propositions severally.

We do not concur in the contentions submitted by appellant in the several propositions, but we do concur in the counter propositions submitted by appellees, the state, and the commission, which are, in substance, as follows:

■ The Legislature of Texas has the power to enact a legislative policy and to prescribe general rules of law having for their purpose the conservation of the natural resources of the state and the prevention of waste thereof, and to leave the details of enforcement and administration thereof to an agency, board, or commission, and the board, agency, or commission may promulgate orders, rules, and regulations pursuant to such statutes and policy, in order to carry out the legislative mandate and properly administer the law.

As said by appellees in their brief, the courts of last resort in several oil-produc-

ing states, and the Supreme Court of the United States have passed upon statutes, orders, rules, and regulations similar to those in force in this state, and have upheld the right and power of the Legislature to enact such legislation, and to delegate the details of enforcement thereof to a board or commission similar to the Railroad Commission of Texas, and have expressly held that such delegation of authority was not legislative.

This court had occasion recently to consider some of the questions presented here in Culver v. State of Texas et al., 85 S. W.(2d) 997, and Culver, doing business as Consolidated Refinery, v. State, 85 S.W. (2d) 262, and to which we refer.

We also refer, without comment, on but few of the cases to which we refer, to the following cases which discuss some of the questions presented: Champlin Refining Co. v. Corporation Commission of Okl., 286 U. S. 210, 52 S. Ct. 559, 76 L. Ed. 1062, 86 A. L. R. 403; Bandini Petroleum Co. v. Superior Court of Los Angeles County, Cal., 284 U. S. 8, 52 S. Ct. 103, 76 L. Ed. 136, 78 A. L. R. 826; C. C. Julian Oil & Royalties Co. v. Capshaw, 145 Okl. 237, 292 P. 841, in which the Supreme Court of Oklahoma held that the statute conferring upon the corporation commission the power to make rules and regulations to prevent the waste of crude oil, and leaving to the commission the power to determine what constitutes waste, is not such a delegation of power to the commission as to render the act unconstitutional. In that case the Supreme Court referred with approval to Oxford Oil Co. v. Atlantic Oil Producing Co. (C. C. A.) 22 F.(2d) 597, in which it was held it is within the power of the Legislature to lay down a general rule for the protection of mineral rights of the adjoining landowners, and to leave the details of enforcing that rule to an administrative agency or board. In this case it was held a rule or an order promulgated by the Texas Railway Commission prohibiting the drilling of oil and gas wells nearer than 150 feet of any property line without special permit did not violate any constitutional right. We observe that in practically all of the oil-producing states laws have been enacted looking to the conservation and the preservation from waste in the production of both oil and gas.

■ From the articles of the statutes quoted above we find that the Legislature has made it the duty of the commission itself to make and enforce such rules, regulations, and orders as the commission may deem necessary for the conservation of crude petroleum oil and natural gas and to prevent waste. A commission, agency, or board derives all its powers from the statutes which confer them. Its functions and duties are administrative or ministrative, but we think are neither legislative nor judicial. The constitutional inhibition which prevents the delegation of legislative power does not prevent the grant of authority to make rules, regulations, and orders for the government of a particular subject conferred upon the commission, agency, or board. It is sometimes difficult to define clearly the line between a delegation of legislative power and a grant of authority to perform acts which are in their nature quasi legislative, but are not strictly so. In this instance the Legislature, in the articles of the statute cited, has enacted the law which governs the commission in the conservation of crude petroleum oil and natural gas and to prevent waste. We have found no constitutional inhibition which prevents the conferring of such powers. It will be seen from the statutes above quoted that the commission is empowered to adopt rules, regulations, and orders in the exercise of the powers and orders conferred.

In First Called Session of the 42d Legislature, chapter 26, Acts 1931, the Legislature prohibited the purchase, transportation, or handling, which might include storage, of crude petroleum oil or natural gas in excess of the amount allowed by the statute or in excess of any amount allowed by any rule, regulation, or order of the commission, and conferred upon the commission the right and power to prevent by injunction any violation of that provision of the law. To accomplish the duties devolved upon the commission, by the statute quoted (article 6049c), the right and power is conferred upon the commission to inquire into the production, storage, or transportation of crude petroleum oil and natural gas, and the market demand, to determine whether waste exists or is imminent and it may require sworn statements as to the facts (article 6049c, § 5).

We think what we have said is sustained by the authorities, to which we also refer without quoting therefrom. Gulf, C. & S. F. Ry. Co. v. State, 56 Tex. Civ. App. 353, 120 S. W. 1028; Atlas Pipe Line Co. v. Sterling (D. C.) 4 F. Supp. 441;

Champlin Refining Co. v. Corporation Commission of Okl., 286 U. S. 210, 52 S. Ct. 559, 76 L. Ed. 1062, 86 A. L. R. 403; Bandini Pet. Co. v. Superior Court of Los Angeles, 284 U. S. 8, 52 S. Ct. 103, 76 L. Ed. 136, 78 A. L. R. 826; Railroad Commission v. H. & T. C. Ry. Co., 90 Tex. 340, 38 S. W. 750; State v. Blue Diamond Oil Corporation (Tex. Civ. App.) 76 S.W. (2d) 852; Railroad Commission v. Tyler Texas Oil & Refining Co. (Tex. Civ. App.) 80 S.W.(2d) 500; Railroad Commission v. D. C. D. Archer (Tex. Civ. App.) 80 S.W. (2d) 506; Rhodes v. Tatum (Tex. Civ. App.) 206 S. W. 114; Plymouth Company v. Pennsylvania, 232 U. S. 531, 34 S. Ct. 359, 58 L. Ed. 713; Danciger Oil & Refining Co. v. Railroad Commission (Tex. Civ. App.) 49 S.W.(2d) 837.

The case is affirmed.