## TYSCO OIL CO. v. RAILROAD COMMIS- SION OF TEXAS et al.

### No. 694.

District Court, S. D. Texas, Houston Division.
Sept. 25, 1935.

Henry Yeager and D. A. Frank, both of Dallas, Tex., for plaintiff.

William McGraw, Atty. Gen. of Texas, and Archer D. Gray, Asst. Atty. Gen. of Texas, and J. E. McWhorter, E. J. Fountain, Jr., and Andrews, Kelley, Kurth & Campbell, all of Houston, Tex., for defendants.

Turner, Rodgers & Winn and C. R. Winn, all of Dallas, Tex., for intervener.

KENNERLY, District Judge.

This is a proceeding in equity by plaintiff against the city of South Houston, in this district and division, and its officers, and the Railroad Commission of Texas, attacking as constitutionally invalid under the Federal Constitution an ordinance passed February 14, 1935, by the mayor and city commissioners or aldermen of such city, regulating (title 28, Texas Revised Civil Statutes of 1925 and Amendments [Vernon's Ann. Civ. St. Tex. art. 961 et seq.]) the search and drilling for, and production of, oil and gas within said city. Also attacking a regulation or order of the Railroad Commission of Texas, in like manner regulating (title 102, Texas Revised Civil Statutes of 1925 and Amendments [Vernon's Ann. Civ. St. Tex. art. 6004 et seq.]) the search and drilling for, and production of, oil and gas within said city. Plaintiff's application for interlocutory injunction against the Railroad Commission has been heard and determined by a three-judge court organized under section 380, title 28, USCA, Tysco Oil Co. v. Railroad Commission of Texas et al. (D. C.) 12 F. Supp. 195, and this is a hearing on plaintiff's application for interlocutory injunction against the city and its officers. The facts shown on the hearing are fully set forth in the opinion in the three-judge court case, and need not be repeated here.

1. That plaintiff's title to the oil and gas estate owned by it is held subject to reasonable regulations by the state under the police power is not an open question. Gorieb v. Fox, 274 U. S. 603, 609, 47 S. Ct. 675, 71 L. Ed. 1228, 53 A. L. R. 1210; Oxford Oil Co. v. Atlantic Oil Producing Co. (C. C. A.) 22 F.(2d) 597, 598; Marrs v. City of Oxford (C. C. A.) 32 F.(2d) 134, 138, 67 A. L. R. 1336; Id. (D. C.) 24 F.(2d) 541; Marblehead Land Co. v. City of Los Angeles (D. C.) 36 F.(2d) 242; Id., 284 U. S. 634, 52 S. Ct. 18, 76 L. Ed. 540; Lombardo v. City of Dallas (Tex. Sup.) 73 S.

W.(2d) 475, 481. Brown v. Humble Oil & Refining Co. (Tex. Sup.) 83 S.W.(2d) 935, and cases there cited. Nor is the police power confined to the protection of the health and morals of the people, but extends to and includes their safety and general welfare. Gant v. Oklahoma City, 289 U. S. 98, 100, 53 S. Ct. 530, 77 L. Ed. 1058; Lombardo v. City of Dallas, supra; Marrs v. City of Oxford, supra. Nor can it be doubted that the state may delegate such power to a municipal corporation such as is the city of South Houston. West v. City of Waco, 116 Tex. 472, 294 S. W. 832; Parsons v. City of Galveston (Tex. Sup.) 84 S.W.(2d) 996, 997; Railroad Commission v. Los Angeles Ry. Corporation, 280 U. S. 145, 50 S. Ct. 71, 74 L. Ed. 234. Nor that it has been so delegated by the provisions of title 28, Texas Revised Statutes of 1925 and Amendments (Vernon's Ann. Civ. St. art. 961 et seq.), and particularly articles 1011 and 1068.[1]

■■ 2. The question then is whether, under the facts here, the ordinance attacked is, as contended by plaintiff, arbitrary and unreasonable and unlawfully deprives plaintiff of its rights under the Federal Constitution, or whether, as contended by the city and intervener, it is but a reasonable and necessary regulation for the "good government, peace and order of the city, and the trade and commerce thereof," and to prevent fires, etc. In deciding, it must be borne in mind that the presumptions are in favor of the ordinance, and that it must clearly appear to be unreasonable and arbitrary before the court may strike it down. Zahn v. Board of Public Works, 274 U. S. 325, 47 S. Ct. 594, 71 L. Ed. 1074. Also that this court may not substitute its judgment for that of the city and its officers. Zahn v. Board of Public Works, supra; Clymore Production Co. v. Thompson (D. C.) 11 F. Supp. 791.

The facts show that the 4,490 lots in the city are owned by approximately 2,000 different persons, and that 4,042 of these lots are 50x142 feet in size. In the absence of some regulation, each of such 2,000 persons could drill a well on his lot, creating thereby, by reason of the dangers from escaping gas, explosions, fire, cratering, etc., a menace to life and property. Clearly the city owed the duty to its inhabitants and to the hundreds of people who daily pass through its limits over the rail and electric roads and the highways to protect them from such a menace.

In Zahn v. Board of Public Works, supra, the Supreme Court, in discussing the facts there, said that the most that could be said was that whether the ordinance under consideration there was unreasonable or arbitrary was "fairly debatable"; yet the ordinance was upheld. Here it cannot be said that the question is debatable.

■ Considering the dangers from the escape of gas, explosions, fire, cratering, etc., incident to the drilling of wells, and the production of oil and gas, the evidence here wholly fails to show that the limitation of one well on each drilling district of 16 acres is either arbitrary or unreasonable.

Besides, plaintiff purchased its leases after the passage of the ordinance attacked, and with full knowledge of its scope and effect.

Interlocutory injunction against the city and its officers is denied.

---

[1] Art. 1011. Powers.—The city council shall have power to pass, publish, amend or repeal all ordinances, rules and police regulations, not contrary to the Constitution of this State, for the good government, peace and order of the city and the trade and commerce thereof, that may be necessary or proper to carry into effect the powers vested by this title in the corporation, the city government or in any department or office thereof; to enforce the observance of all such rules, ordinances and police regulations, and to punish violations thereof. No fine or penalty shall exceed one hundred dollars."

"Art. 1068. Fire regulations.—The city council shall have power: * * * 5. To regulate or prevent the carrying on of manufactories and works dangerous in promoting or causing fires; to prohibit or regulate the building and erection of cotton presses and sheds. * * *

"10. And generally to establish such regulations for the prevention and extinguishment of fires as the city council may deem expedient."