## HUBBARD et al. v. OKLAHOMA CITY et al.

No. 26374. April 28, 1936.

Rehearing Denied June 16, 1936.

J. R. Keaton, Charles Swindall, and Martin V. Milam, for plaintiffs in error.

Wm. L. McCann, amicus curiae, for plaintiffs in error.

Harlan T. Deupree, Municipal Counselor, and A. P. Van Meter, Asst. Municipal Counselor, for defendant in error Oklahoma City.

Nathan Scarritt and E. S. Champlin, for defendant in error Champlin Refining Company.

Bruce & Jefferson, for defendants in error F. C. Scott et al.

John H. Kane, R. H. Hudson, R. B. F. Hummer, and John H. Miley, for defendant in error Phillips Petroleum Company.

OSBORN, V. C. J. This action was instituted in the district court of Oklahoma county by John C. Hubbard and eight other plaintiffs against the city of Oklahoma City, Phillips Petroleum Company, Champlin Refining Company, Charles E. McArthur, and Westgate Oil Company, as defendants, wherein it was sought to enjoin the city council of Oklahoma City from issuing permits to drill for oil and gas to the defendant oil corporations within certain territory within the city of Oklahoma City. The trial court refused to grant the injunction, and plaintiffs have appealed. The parties will be referred to as they appeared in the trial court.

On February 1, 1935, the city council of Oklahoma City passed ordinance No. 4601, amending ordinance No. 3943, by adding section 3B. The purpose of said ordinance was to extend the U-7, or oil and gas drilling zone, to include the territory involved herein. The ordinance was referred to the electors of the city at a special election held March 5, 1935, and was approved by a vote of 13,527 to 9,994. This action was instituted on April 15, 1935.

Plaintiffs take the position that the ordinance is void and that the city council is without authority to issue permits to drill within the territory embraced within said ordinance.

It is alleged that the area included within the extension of the U-7 use zone made by ordinance No. 4601 consists of 1,200 acres, contains a resident population of approximately 25,000 people, also 2,899 one-story dwellings, 193 two-story dwellings, 76 duplexes, 79 apartment houses, 185 business buildings, 12 churches, 5 schools, and one hospital; that the approximate value of the improvements on the lots, blocks, and parcels of land included within said extension is approximately $20,000,000. It is further alleged that the development of this area for the production of oil and gas will adversely affect many thousand additional owners of property in more or less close proximity to the north and west boundary lines thereof; that all property within the boundaries of the extension and said property adjacent thereto will be greatly damaged by depreciation in value caused by increased fire hazard and annoyances caused by noises, noxious odors, etc. Seven of the plaintiffs are the owners of property located within the extension of the zone and two own property adjacent thereto.

Plaintiffs contend that said ordinance No. 4601 extending the U-7, or oil and gas drilling zone, is invalid because such extension does not promote the health, safety, morals, or general welfare of the community, and is in contravention thereof.

Chapter 178, Session Laws 1923 (sections 6170-6179, O. S. 1931), authorizes the zoning of cities and incorporated villages. On September 4, 1923, the city of Oklahoma City enacted a comprehensive zoning ordinance (ordinance No. 2634). By said ordinance the city was divided into "use" districts, known as districts U-1, U-2, U-3, and U-4, and the use of the property within said districts was progressively restricted. There was no provision in that ordinance which prohibited, restricted, or regulated the drilling for oil and gas within any of these districts, but on May 10, 1929, ordinance No. 3615 was enacted prohibiting drilling except in certain defined and designated territory within the corporate limits of Oklahoma City, which drilling territory was known as the U-7 zone. Thereafter other ordinances were enacted extending the U-7 or drilling zone. The validity and constitutionality of these ordinances have been approved in numerous cases. See Keaton v. Brown, 171 Okla. 38, 45 P. (2d) 109. In that case we said:

"By the terms of the above ordinances relating to the drilling for oil and gas within the corporate limits, the city council exercised its power and authority to regulate and restrict drilling for oil and gas granted by chapter 178, supra, where the public necessity and welfare demanded. It had the right to forbid drilling, but until such power was exercised the right to drill and prospect for oil or gas was not restricted or limited.

"In this case it appears that the property at one time was within nondrilling territory, but by ordinance No. 4475 the status of the property was changed and it was included within territory where drilling might be had, subject to the various other restrictions of the ordinance. While the action of the city council in passing said ordinance is positive in its nature, it is negative in its character and effect. The council is vested with power and authority to forbid drilling within said territory, but, in effect, it declined to exercise said power and authority. Therefore protestant, in effect, is not attacking the action of the council, but is complaining of its failure to act in his behalf. It is not an exercise of the police power, but the failure of the council to exercise said power that gives rise to protestant's grievance. While any action of the city council under the police power is subject to a limited review by the courts, and while the courts are vested with power and authority to prevent an improper use of the police power, it is not within the province of the courts to require the affirmative exercise of such legislative power. To do so would be the exercise of legislative functions. Whether the city council sees fit to extend a lawful restriction in the territory where plaintiff's property is located is addressed solely to its discretion, and upon the exercise of such discretion by enacting restrictions, it is for the courts to determine whether same are arbitrary, capricious, and unreasonable, and whether they have a reasonable relation to the legitimate objects to be accomplished. Beveridge v. Harper & Turner Oil Trust, 168 Okla. 609, 35 P. (2d) 435."

It is contended by plaintiffs herein that the above case is not authoritative nor controlling herein for the reason that the property involved in Keaton v. Brown, supra, was within the U-4 zone and the property involved herein is within the U-1 zone, which is restricted for residential purposes only, but we find no difference in principle in these cases. It is also asserted that the above quotation from the case of Keaton v. Brown, supra, is dictum, but we have carefully considered the arguments of plaintiffs wherein the correctness of the rule is challenged and are of the opinion that the rule is correctly stated and is controlling of the issue involved herein.

Plaintiffs have cited a number of cases which deal generally with the power and authority of the legislative bodies of municipalities to enact zoning ordinances. As to these ordinances the courts refer to the terms as "restrictive," "prohibitive," and "limitations upon the use" of property, and consequently said authorities are not determinative or controlling of the issue involved in this case for the reason that we are here concerned with negative action on the part of the city council by which it has elected not to restrict, prohibit, or limit the use of certain property. Of course, we are not herein concerned with any covenant in a deed or the dedicated plat. If plaintiffs' attack were leveled against some restriction, prohibition, or limitation upon the use of the property, placed thereon by act of the legislative authority of the city, the question would be presented as to whether or not such legislative authority had been arbitrarily or capriciously used to deprive them of personal or property rights. The fundamental idea of the zoning power implies a restriction or regulation of the use of property under authority of the police power. If the legislative authority does not prohibit, limit, restrict, or regulate the use of property for particular purposes, the owner of property has a constitutional right to make use of it as he desires, so long as he does not endanger or threaten the safety, health, comfort, or the general welfare of the people, or substantially injure them in their personal or property rights. As was said in the case of Lombardo v. City of Dallas (Tex. Civ. App.) 47 S. W. (2d) 495:

"Zoning, in general, is the division of a city or area into districts, and the prescription and application of different regulations in each district; generally, such division is into two classes of districts, such as was attempted by the ordinance under consideration. Effective zoning regulations, as that term is now well understood, comprehend, necessarily, prohibitions and restrictions; prohibitions against certain uses in named districts, and restrictions as to the area of lots to be built upon, the size and height of structures, yard spaces to be left unoccupied, etc."

Plaintiffs further contend that the authority granted by chapter 178, S. L. 1923, to municipalities to pass a comprehensive zoning ordinance was conferred upon the legislative body, and that the submission of said proposed change to the electorate was invalid in that the city was without power to refer the same to the people. The answer to this contention is that, in any event, the city council passed the ordinance in question, and whether or not it was necessary to sub-

mit the same to the people, the submission, in any event, of said ordinance to the people and their approval would be immaterial. However, we call attention to the case of State ex rel. Hunzicker v. Pulliam, 168 Okla. 632, 37 P. (2d) 417, which is determinative.

Plaintiffs further contend that they are entitled to injunctive relief against the city to prevent the issuance of permits to drill in said extended zone by reason of the nature of said operations constituting a nuisance to the occupants and residents of said area. The relief sought by plaintiffs is not against actual drilling in any particular location with evidence showing that said operation in the particular place constitutes an improper interference with the enjoyment of the property of plaintiffs. They seek to prevent the issuance of permits for such purpose. It is well recognized that under some circumstances the courts will interfere with an improper use of property where said use results in the invasion of the personal and property rights of others. Kenyon v. Edmundson, 80 Okla. 3, 193 P. 739; McPherson v. First Presbyterian Church of Woodward, 120 Okla. 40, 248 P. 561, 51 A. L. R. 1215; Magnolia Petroleum Co. v. Wright, 124 Okla. 55, 254 P. 41; Appeal of Perrin (Pa.) 156 Atl. 305; Sprout v. Levinson (Pa.) 148 Atl. 511; Huddleston v. Burnett (Ark.) 287 S. W. 1013. But the pleadings and evidence on behalf of plaintiffs herein do not bring them within the rules laid down in those cases.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. WELCH, J., concurs in conclusion. BAYLESS, J., absent.