499 F.Supp. 646 (1980)
POSTSCRIPT ENTERPRISES, INC., Plaintiff,
v.
Donald H. WHALEY et al., Defendants.
No. 79-1432C(C).
United States District Court, E. D. Missouri, E. D.
October 14, 1980.
*647 Murry A. Marks, Clayton, Mo., for plaintiff.
Judith Ronzio, Asst. City Counselor, St. Louis, Mo., for defendants.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court on motions for summary judgment filed by both plaintiff and defendants. For the reasons stated below, defendants' motion will be granted.
Plaintiff, a Missouri corporation, owns and operates through its employees an adult bookstore in the City of St. Louis. At various times from 1977 to 1979, employees of this store were arrested for violating Chapter 772 of the Revised Code, City of St. Louis.[1] Various articles alleged to be held for sale in violation of the ordinance have been seized by St. Louis Police Officers.
In Count I, plaintiff contends that the applicable ordinance of the City of St. Louis is unconstitutional and seeks a declaratory judgment to that effect and a permanent injunction to prevent future enforcement.
In Count II, plaintiff seeks damages under 42 U.S.C. § 1983 for the alleged deprivation of constitutional rights by defendants through their enforcement of Chapter 772. Defendants contend that plaintiff lacks standing and that the ordinance in question is constitutional both on its face and as applied.
Chapter 772, Revised Code of the City of St. Louis, restricts the sale of contraceptives, sex-inciting devices or contrivances, prophylactic rubber goods or membranes to registered and licensed physicians, registered druggists and wholesale druggists and manufacturers.[2] Plaintiff's employees were arrested for violating Section 772.010 which prohibits selling or offering for sale contraceptives, sex-inciting devices or contrivances, prophylactic rubber goods or membranes. This Court finds that plaintiff does have standing to challenge the ordinance and it further finds that the ordinance is a proper exercise of the City's police power and is not unconstitutional either as enacted or as applied.
Defendants contend that plaintiff lacks standing to challenge the validity of this ordinance. The Court disagrees. As stated by the Supreme Court, "[t]he first question is whether the plaintiff alleges that the challenged action has caused him injury in fact, economic or otherwise." Association of Data Processing Service Organizations v. Camp, 397 U.S. 150, 152, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970). In this case, enforcement of the ordinance has led to the arrest of plaintiff's employees. On at least one occasion, the arrest led to a temporary shutdown of the store. Plaintiff certainly has alleged "injury in fact."
*648 Another inquiry regarding standing is "whether the interest sought to be protected by the complainant is arguably within the zone of interest to be protected or regulated by the statute or constitutional guarantee in question." Id. at 153, 90 S.Ct. at 830. Again, it is apparent to the Court that the challenged ordinance purports to regulate precisely the kind of activity carried on at plaintiff's place of business. The Court is satisfied that plaintiff has standing to challenge the validity of the City ordinance.
Plaintiff challenges the constitutionality of the ordinance contending that: 1) it is void for vagueness; 2) it violates the right of free speech; and 3) it invades the fundamental right of privacy. The Court finds no merit in any of the contentions and holds that the ordinance is constitutional both on its face and as applied.
Under the police power derived from the state, municipalities possess broad power to regulate activities in furtherance of public welfare. It is not within the province of the courts, except in clear cases, to interfere with this power. 56 Am.Jur.2d, Municipal Corporations, § 491. Whether the judgment of the municipality is wise or whether the requirement or regulation will produce hardship in particular instances is not of concern to the courts. The wisdom and fairness of an ordinance is to be left to the municipality. The court will interfere only if it finds that the city clearly abused its discretion or that the ordinance is manifestly unreasonable or oppressive. Gant v. Oklahoma City, 289 U.S. 98, 102, 53 S.Ct. 530, 532, 77 L.Ed. 1058 (1933). If there is fair room for debate, the court will not substitute its judgment for that of the legislative body. Id. Courts may determine whether a particular ordinance is a proper exercise of municipal police power. 56 Am. Jur.2d, Municipal Corporations, § 490. The Court believes that Chapter 772, Revised Code of the City of St. Louis, represents a proper exercise of this police power.
Plaintiff contends that Section 772.010 is unconstitutionally vague because it fails to give the average person of ordinary intelligence sufficient notice of the conduct prohibited. In particular, plaintiff alleges that the language "sex-inciting device or contrivance" is incapable of precise definition, leaving to speculation what the prohibited conduct encompasses. The Court disagrees.
The doctrine of vagueness is embodied in the due process clauses of the Fifth and Fourteenth Amendments. Due process requires fair notice or warning. Geiger v. City of Eagan, 618 F.2d 26, 28 (8th Cir. 1980). Penal statutes must be framed in terms that give a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he may act accordingly. Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298-2299, 33 L.Ed.2d 222 (1972); Connally v. General Construction Co., 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926); United States v. Thompson, 603 F.2d 1200, 1203 (5th Cir. 1979). On the other hand, due process does not require invalidating every statute which a reviewing court believes could have been drafted with greater precision; all the due process clause requires is that the law gives sufficient warning that men may conduct themselves so as to avoid that which is forbidden. Rose v. Locke, 423 U.S. 48, 50, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975). No more than a reasonable degree of certainty can be demanded. Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 340, 72 S.Ct. 329, 330-331, 96 L.Ed. 367 (1952); United States v. Thompson, supra, at 1203.
Mathematical precision in drafting statutes is not possible. Neither is the line between permissible uncertainty and unconstitutional vagueness easily drawn. Recognizing this, the Supreme Court has spoken of the "impossibility of defining the precise line between permissible uncertainty in statutes caused by describing crimes by words well understood through long use in the criminal law ... and the unconstitutional vagueness that leaves a person uncertain as to the kind of prohibited conduct ...." Winters v. New York, 333 U.S. 507, 518, 68 S.Ct. 665, 671, 92 L.Ed. 840 (1948).
*649 The crucial inquiry is whether the ordinance is sufficiently clear to give fair notice of what is prohibited. When dealing with offenses difficult to define, the entire text of the statute or the subject dealt with may furnish an adequate standard of definiteness. Winters v. New York, supra, at 518, 68 S.Ct. at 672. 21 Am.Jur.2d, Criminal Law, § 17. The ordinance in this case seeks to regulate the distribution of contraceptive products and prophylactic rubber goods, as well as any "sex-inciting device or contrivance." When read in conjunction with the surrounding language of Section 772.010, the phrase "sex-inciting device or contrivance" is quite explicit. It has been held to mean "a manufactured item, usually made of rubber, which is used by some in connection with sexual activity and which is likely to have a tendency to encourage such activity." Kalita v. City of Detroit, 57 Mich.App. 696, 226 N.W.2d 699, 702 (1975).
This Court agrees with the reasoning of the Michigan Court of Appeals that a greater degree of exactitude in the terminology in the ordinance cannot be expected:
"Proprietors of adult book stores and related business enterprises, including plaintiffs in this case, are undoubtedly intimately familiar with the products referred to in the ordinance. Thus, `we do not here find a problem of failure of communication between the enacting legislative body and the members of the public whose behavior is sought to be controlled.'" Id., quoting Detroit v. Detroit Edison Co., 16 N.W.2d 423, 168 N.W.2d 320, 323 (1969).
Any effort by the legislative body to provide an exhaustive, specific list of all items prohibited would be futile in this case. Many of the items prohibited by this ordinance are best known by colloquial names. To list with particularity all such items would result in needless squabbling over semantics. This Court has no doubt that operators of adult bookstores know precisely what is prohibited by this ordinance.
Plaintiff also contends that Chapter 772 abridges the First Amendment rights of plaintiff to advertise and otherwise disseminate information concerning contraceptives. The Court fails to see how Chapter 772 does this. Chapter 772 is quite specific in what it prohibits:
"No person shall sell or offer for sale, or give away any contraceptive or sex-inciting device or contrivance, or any prophylactic rubber goods or prophylactic membranes." Section 772.010.
Section 772.020 prohibits the display or dispensing of the articles enumerated in Section 772.010, and Section 772.030 provides an exception for physicians and pharmacists. Although Section 772.010 prevents plaintiff from distributing these products, there is nothing in Chapter 772 that would prevent plaintiff from educating the public generally on the subject of contraception. Chapter 772 controls the distribution of these devices; it does not address itself to the dissemination of information regarding contraceptives. The Court sees no infringement on plaintiff's First Amendment rights.
Plaintiff also contends that Chapter 772 invades the protected right of privacy of individuals to obtain and have access to contraceptives, drawing to the Court's attention various Supreme Court decisions, particularly Eisenstadt v. Baird, 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972) and Carey v. Population Services International, 431 U.S. 678, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977). Assuming plaintiff has standing to raise this question, his contention is without merit.
In Eisenstadt, the Supreme Court held that a Massachusetts statute restricting the distribution and use of contraceptives to married persons violated the Equal Protection Clause. Later, in Carey, the Supreme Court found a New York statute unconstitutional which sought to restrict distribution of contraceptives to persons under sixteen years of age. The ordinance in question here makes no distinction based on either marital status or age. Indeed, Chapter 772 does not restrict by any classification those persons who may wish to purchase or use the articles enumerated in Section 772.010. Chapter 772 only regulates *650 the method of distribution and the professional competency of the distributors of these products. This is a valid exercise of the municipality's police power.
This Court finds no merit in plaintiff's contentions and holds that Chapter 772, Revised Code of the City of St. Louis, is constitutional. The Court further finds that defendants have not violated plaintiff's rights through application of this ordinance.
Accordingly, judgment will be rendered in favor of the defendants and against the plaintiff, and the cause will be dismissed with prejudice.
NOTES
[1] 772. PROPHYLACTICS, ETC.

772.010. Sales prohibited.No person shall sell or offer for sale, or give away any contraceptive or sex-inciting device or contrivance, or any prophylactic rubber goods or prophylactic membranes. (1948, C. 46, s. 15.)
772.020. Vending by machines, etc., prohibited. No person shall own or be in charge of any vending machine dispensing any of the articles described in the preceding section, nor shall be in charge of any premises where such vending machine may be maintained or located, nor where any such articles may be displayed or dispensed by any means whatsoever. (1948, C. 46, s. 15.)
772.030. Physicians and pharmacists excepted. This Chapter shall not apply to duly registered and licensed physicians, duly registered pharmacists, and wholesale druggists, jobbers or manufacturers who sell to the retail drug trade. (1948, C. 46, s. 15.)
[2] Id.