FLIGHT AND PRIVATE SCHOOLS — LESSER BONDS AND FEES — CONSTITUTIONALITY Title 70 O.S. 21-106 [70-21-106] (1975), as amended by House Bill No. 1781 of the Second Session of the Thirty-fifth Legislature, is constitutional; that the provisions providing for a lesser minimum surety bond requirement and license fee for flight schools and other regulated private schools are not unlawfully discriminatory. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following question: Are the provisions of 70 O.S. 21-106 [70-21-106] (1975), as amended by House Bill No. 1781 of the Second Session of the Thirty-fifth Legislature, providing for a lesser license fee and a lesser minimum surety bond for flight schools than other regulated private schools unconstitutional by reason of being unlawfully discriminatory ? House Bill No. 1781 of the Second Session of the Thirty-fifth Legislature amends 70 O.S. 21-106 [70-21-106] (1975), to provide that the minimum sum of required surety bond for flight schools be One Thousand Dollars ($1,000.00), while leaving the minimum amount of the bond for all other regulated private schools at Five Thousand Dollars ($5,000.00). The said bill further provides that license fees for flight schools be Fifty Dollars ($50.00), while leaving the license fees for all other regulated private schools at Two Hundred Fifty Dollars ($250.00). 16 Am.Jur.2d, Constitutional Law, 506 (1964) states at page 889 as follows: "The contention that a state statute violates the constitutional guaranty of equal protection of the laws is to be tested by considering whether there is a basis for the classification made by the statute. The question always is whether there is any reasonable ground for a classification or whether it is only and simply arbitrary, based upon no real distinction . . . ." This principle was followed in Kirschner v. McCracken,180 Okl. 223, 68 P.2d 793, 794 (1937). Further, 16 Am.Jur.2d, Constitutional Law, 518 (1964) states at page 905 as follows: "The equal protection of the laws does not mean that all occupations which are called by the same name must be treated in the same way. Any substantial difference between particular businesses may serve as a reasonable basis for a classification and be sufficient. Classification is proper when differences exist in the business classified which have a reasonable relation to the object of the statute in question . . . ." In McGowan v. Maryland, 366 U.S. 420, 6 L.Ed.2d 393, 81 S.Ct. 1101
(1961) the Court stated: ". . . Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." (Authorities cited) (Page 399 of 6 L.Ed.2d) It is stated in Rast v. Van Deman Lewis Co., 240 U.S. 342, 60 L.Ed. 679,36 S.Ct. 370 (1916), as follows: ". . . It is established that a distinction in legislation is not arbitrary, if any state of facts reasonably can be conceived that would sustain it, and the existence of that state of facts at the time the law was enacted must be assumed." (Authorities Cited) (Page 687 of 60 L.Ed.) Peters v. State, 56 Okl. Cr. 95, 34 P.2d 286 (1934), states at page 287 as follows: "The primary rule of construction of statutes to be followed in considering the objections to the constitutionality of this law is that which declares the constitutionality of a statute is the strongest presumption known to the courts and that no law will be declared unconstitutional unless its unconstitutionality clearly appears beyond any reasonable doubt." (Authorities Cited) Although the minimum surety bond requirement and license fees provided by 70 O.S. 21-106 [70-21-106] (1975), as amended by House Bill No. 1781, discriminate between flight schools and other regulated private schools, it must be assumed that at the time the said bill was enacted, a reasonable basis existed to make a distinction, for the purpose of minimum bond requirements and license fees, between flight schools and other regulated private schools. Clearly it does not appear beyond a reasonable doubt from the face of the act that such discrimination rests on grounds wholly irrelevant to the achievement of the State's objective. Accordingly, the provisions of said statute providing for a lesser minimum surety bond amount and license fee for flight schools than for other regulated private schools does not, by the face of the act, constitute unlawful discrimination. It is, therefore, the opinion of the Attorney General that 70 O.S. 21-106 [70-21-106] (1975), as amended by House Bill No. 1781 of the Second Session of the Thirty-fifth Legislature, is constitutional; that the provisions providing for a lesser minimum surety bond requirement and license fee for flight schools and other regulated private schools are not unlawfully discriminatory. (HAROLD B. McMILLAN) (ksg)