MOTOR VEHICLES
The provisions of 47 O.S. 22.5 [47-22.5](q) (1977), providing for an assessment of commercial truck rates to vans used for commercial purposes only, and distinguishing from this classification vans used for private purposes only and assessing them at the automobile rate of taxation, does not, by the face of the act, constitute unlawful discrimination in violation of the Equal Protection Clause of the Constitution of the United States. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: Do the provisions of 47 O.S. 22.5 [47-22.5](q) (1977) designate vans as a special class of vehicle in violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States? The recent tag reform bill, you mention in your letter, has been codified at 47 O.S. 22.5 [47-22.5](q) (1977). That statute, as it read in 1971, specifically provided for the license fee assessed station wagon type vehicles for commercial delivery purposes. That fee was assessed at the automobile rate. Title 47 O.S. 22.5 [47-22.5](q) (1971) reads, in part, as follows: "Any vehicle of the station wagon type, although defined in the Motor Vehicle License and Registration law as an automobile, may be registered as a truck . . . if the vehicle is primarily used for the transportation and/or delivery of property . . . "The license fee for such vehicles shall be equal to the automobile rate . . . No station wagon type vehicle so registered as a truck shall be used to make deliveries of property unless the vehicle has a sign affixed on each side thereof stating . . . the name of the business . . . or for whom such deliveries are being made." (Footnotes omitted) In the 1977 amendment to 47 O.S. 22.5 [47-22.5](q) owners of station wagons, "van wagons", and derivatives thereof, used primarily for commercial purposes, were given the privilege of registration under the commercial truck designation, whereas only van wagons were allowed this privilege in the 1976 law. The second principal change, which this amendment made in the law, was to impose stricter requirements upon those vehicle owners attempting to obtain the commercial rate of taxation. Title 47 O.S. 22.5 [47-22.5](q) (1977), reads, in part, as follows: "Any vehicle of the van wagon or station wagon type or derivatives thereof, although defined in this act as an automobile, may be registered as a truck and issued a truck license plate if the vehicle is primarily used for the transportation or delivery of property . . . "The license fee for such vehicles shall be equal to the automobile rate . . . provided that station wagons, van wagons and derivatives thereof . . . used principally as commercial vehicles shall be assessed the commercial truck rate . . . and . . . the name of the commercial establishment must be permanently and prominently displayed upon the outside of said vehicle. No such vehicle so registered as a truck shall be used to make deliveries of property unless the vehicle has permanently affixed on each side thereof stating . . . the name of the business or individual for whom such deliveries are being made." (Emphasis added) We assume that your question inquires concerning whether commercial use versus private use of the class of vehicles including vans, station wagons, ranch wagons and the like are valid classifications under the Constitution. 16 Am.Jur.2d, Constitutional Law, 506 (1964), states at page 889 as follows: "The contention that a state statute violates the constitutional guaranty of equal protection of the laws is to be tested by considering whether there is a basis for the classification made by the statute. The question always is whether there is any reasonable ground for a classification or whether it is only and simply arbitrary, based upon no real distinction. . . ." This principle was followed in Kirschner v. McCracken, 180 Okl. 223, 68 P.2d 793,794 (1973). Further, 16 Am.Jur.2d, Constitutional Law, 518 (1964), states at page 905 as follows: "The equal protection of the laws does not mean that all occupations which are called by the same name must be treated in the same way. Any substantial difference between particular businesses may serve as a reasonable basis for a classification and be sufficient. Classification is proper when differences exist in the business classified which have a reasonable relation to the object of the statute in question. . . ." In McGowan v. Maryland, 366 U.S. 420,6 L.Ed.2d 393, 81 S.Ct. 1101 (1961), the Court stated: ". . . Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." (At 399, 6 L.Ed.2d) Therefore, a classification which makes a distinction between the private and commercial use of van vehicles by assessing to each different rates of license taxation and insures that commercial vehicles claiming the better rate must bear a permanent commercial sign and be used primarily for commercial purposes does not present a prima facie case of an arbitrarily conceived distinction. Classification of similar vehicles by separate use does not rest on grounds wholly irrelevant to the achievement of the State's objective. It was further held in Rast v. Van Deman 
Lewis Co., 240 U.S. 342, 60 L.Ed. 679, 36 S.Ct. 370
(1916), as follows: ". . . It is established that a distinction in legislation is not arbitrary, if any state of facts reasonably can be conceived that would sustain it, and the existence of that state of facts at the time the law was enacted must be assumed." (At 687, 60 L.Ed.) Peters v. State, 56 Okl. Cr. 95, 34 P.2d 286 (1934), states at page 287 as follows: "The primary rule of construction of statutes to be followed in considering the objections to the constitutionality of this law is that which declares the constitutionality of a statute is the strongest presumption known to the courts and that no law will be declared unconstitutional unless its unconstitutionality clearly appears beyond any reasonable doubt." Examination of the law in question does not, on its face, reveal a classification unconstitutional beyond any reasonable doubt. Neither, do we, here, have involved any of the constitutionally designated suspect classifications which require special scrutiny by a court in determining the existence of illegal discrimination Clearly it does not appear, beyond a reasonable doubt from the face of this act, that the distinction made rests on grounds wholly irrelevant to the achievement of the State's objective. The objective to foreclose owners of vans using such for private purposes from gaining the benefit of commercial rates is not a constitutionally unsupportable objective. Accordingly, your question must be answered in the negative. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The provisions of 47 O.S. 22.5 [47-22.5](q) (1977), providing for an assessment of commercial truck rates to vans used for commercial purposes only, and distinguishing from this classification vans used for private purposes only and assessing them at the automobile rate of taxation, does not, by the face of the act, constitute unlawful discrimination in violation of the Equal Protection Clause of the Constitution of the United States. (CATHERINE GATCHELL NAIFEH)